# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2013

No. 11-51244
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARRELL DWAYNE DAVIS, also known as Darrell Dewayne Davis,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:00-CR-25-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Darrell Dwayne Davis, federal prisoner # 03142-180, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 235-month sentence for conspiracy to possess crack cocaine with intent to distribute. The reduction requested was authorized pursuant to United States Sentencing Guidelines § 1B1.10(a) and Amendment 750. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). We review the district court's denial for an abuse of discretion and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its factual findings for clear error.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

In its order denying Davis's § 3582(c)(2) motion, the district court stated that, upon consideration of the 18 U.S.C. § 3553(a) factors, a further sentence reduction was not warranted.  Specifically, the district court noted that Davis had been convicted of participating in a drug conspiracy that had lasted for at least six years and which had led to the distribution of "multi-kilogram quantities of crack cocaine."  The district court further observed that Davis had possessed several firearms during the conspiracy and had shown an interest in obtaining "cop-killing ammunition."  Finally, the district court stated: "The Defendant was in trouble with authorities at least from the age of 14, exhibiting progressively more dangerous and violent behavior.  He was implicated in at least one drive-by shooting and involved on more than one occasion with threatening another with a firearm."

Davis argues that the district court clearly erred by basing its denial on unreliable evidence regarding the six-year duration of the conspiracy, the "multi-kilogram" quantities of crack cocaine involved, and Davis's possession of firearms and ammunition.  As evidence to the contrary, Davis offers that he was indicted for a conspiracy lasting for under two years, that he was held accountable for 1.69 kilograms of crack cocaine, and that when law enforcement officials searched his residence, they found only one firearm.

The district court's characterization of 1.69 kilograms of crack cocaine as a "multi-kilogram" quantity is not inaccurate.  Further, the facts relied upon by the district court were sufficiently supported by information in the presentence report (PSR).  While Davis was found guilty of conspiracy to possess with intent to distribute crack cocaine alleged in the indictment to have lasted from June 1998 to November 1999, the PSR describes transactions involving crack cocaine between Davis and his co-defendants beginning in the summer of 1994.  The PSR also indicates that Davis possessed multiple firearms during the course of

the conspiracy. Davis has offered no evidence to contradict these facts. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

We need not decide whether the prohibition against considering bare arrest records set forth in *United States v. Johnson*, 648 F.3d 273, 276-78 (5th Cir. 2011), applies in § 3582(c)(2) proceedings. Even if *Johnson*'s rationale applies, the arrests considered by the district court were supported adequately in the PSR by "specific information about the conduct and circumstances relating to the arrests." *Harris*, 702 F.3d at 230 n.1; *cf. Johnson*, 648 F.3d at 274-75 (district court committed procedural error in relying on defendant's arrest record where the PSR "listed only . . . the date, the charges, the agency out of which the arrest was processed, and the disposition" and "contained no information about the underlying facts or circumstances of the arrests and no explanation of why [the defendant] was not prosecuted"). Davis fails to offer any evidence showing that the relevant information in the PSR was unreliable. *See Harris*, 702 F.3d at 231.

Davis also argues that because the district court did not find that the § 3553(a) factors weighed against granting his first § 3582(c)(2) motion, it was precluded from doing so in denying his second motion pursuant to the law of the case doctrine. However, because the district court had never before considered whether the 18 U.S.C. § 3553(a) factors warranted a sentence reduction below 235 months at the time that it considered the § 3582(c)(2) motion at issue, the denial was not precluded by the law of the case. *See Pepper v. United States*, 131 S. Ct. 1229, 1250-51 (2011). Finally, Davis contends that the district court failed to adequately consider his post-conviction rehabilitation efforts. The district court implicitly considered Davis's arguments regarding his post-conviction rehabilitation but denied the motion based upon its consideration of the § 3553(a) factors; it was under no obligation to reduce his sentence. *See Evans*, 587 F.3d at 673.

AFFIRMED.